IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BALBIANI, | No. 2:20-CV-2310-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| CHESTER PUBLICC UTILITY DISTRICT, INC., et al., | |
| Defendants. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action alleging employment discrimination in violation of federal and state law. Pending before the Court is Defendant Chester Public Utility District's motion to compel further responses to requests for production of documents. See ECF No. 23. The parties have filed a joint statement regarding the discovery dispute. See ECF No. 26. Following a hearing before the undersigned in Redding, California, on August 17, 2022, at 10:00 a.m., the matter was submitted.

/ / /

/ / /

/ / /

/ / /

/ / /

1

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

/ / /

/ / /

/ / /

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## I. BACKGROUND

This action proceeds on the original complaint. See ECF No. 1. All defendants have answered. See ECF Nos. 6, 7, 8. The case has been scheduled by way of a form scheduling order issued by Judge Nunley when the case was opened. See ECF No. 3. The schedule was modified pursuant to stipulation on May 18, 2022. See ECF No. 22. Pursuant to this most recent schedule, non-expert discovery shall be completed by October 7, 2022. See id. The current motion to compel is timely.

## II. DISCUSSION

In its motion, Defendant Chester Public Utility District (CPUD) seeks production of: (1) unredacted text messages to and from Plaintiff; and (2) a timeline to which Plaintiff referred in preparation for his deposition to refresh his recollection. See ECF No. 26, pg. 2. Specifically at issue are Plaintiff's responses to request for production nos. 2, 3, 4, 5, 6, 7, 8, 35, 36, 37, 38, 39, 40, and 43, related to text messages, and request for production no. 34 related to the timeline. See id. at 3-10.

/ / /
/ / /
/ / /
/ / /
/ / /

**A.     Text Messages**

At issue are request for production nos. 2, 3, 4, 5, 6, 7, 8, 35, 36, 37, 38, 39, 40, and 43. Throughout these requests, CPUD asks Plaintiff to produce text messages. See ECF No. 26, pgs. 3-10. The parties offer the following summary of the discovery in dispute relating to text messages:

> CPUD disputes Balbiani's assertion he became offended at the work environment. To test his supposed change of heart, it requested production of his text messages, emails, and social media messages. In response, Balbiani produced over 500 pages of text messages but no emails or social media messages. Approximately 130 of the messages contained redactions of some portion. After meeting and conferring, Balbiani then produced 25 pages of the messages with the redactions removed. Balbiani refuses to produce the remainder citing privilege and various privacy rights (financial, medical, etc.[)] for himself and other unidentified people.

ECF No. 26, pg. 3.

In compliance with the Federal Rules of Civil Procedure, Plaintiff produced a privilege log with his responses. See ECF No. 26-1, pgs. 76-84 (Exhibit I to Crowe declaration).

Seeking to overcome Plaintiff's objections, CPUD argues: (1) third-party privacy objections should be overruled; (2) objections to production of medical records should be overruled; (3) objections related to Plaintiff's financial information should be overruled; (4) objections relating to Plaintiff's romantic relationships should be overruled; and (5) attorney-client privilege objections should be overruled. See ECF No. 26, pgs. 10-14.

Nos. 2, 3, and 4

In request for production nos. 2, 3, and 4, Defendant CPUD seeks the following documents:

> No. 2   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant messages, notes, and memorandums, between YOU and any other person which refer to conduct by Defendant Matthew Maumoynier which YOU contend to be harassment.

/ / /

/ / /

> No. 3   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any other person which refer to conduct by Defendant Matthew Turner which YOU contend to be harassment.
>
> No. 4   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any person other than an attorney or their staff which refer to filing a lawsuit against CPUD.

ECF No. 26, pgs. 3-4.

It is the Court's understanding, based on Plaintiff's responses to these requests, that all responsive documents that have been identified have been produced subject to the ongoing obligation to supplement responses under Federal Rule of Civil Procedure 26. At the hearing, CPUD's counsel accepted this representation, and Plaintiff's counsel again confirmed that all responsive documents have been produces.  CPUD's motion will be denied as to request for production nos. 2, 3, and 4. All counsel are again reminded of their continuing obligation to supplement their discovery responses.

<u>Nos. 5, 7 and 8</u>

In request for production nos. 5, 7, and 8, Defendant CPUD seeks the following documents:

> No. 5   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any person other than an immediate family member from January 1, 2015, to May 31, 2020, which refer to or depict genitalia or representation of genitalia.
>
> No. 7   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any person other than an immediate family member from January 1, 2015, to May 31, 2020, which refer to or depict any sexual activity or representation of sexual activity.

/ / /

/ / /

> No. 8   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any person other than an immediate family member from January 1, 2015, to May 31, 2020, which refer to any person's sexuality or gender identity.

ECF No. 26, pgs. 4-7.

The Court finds these requests troubling. Specifically, the Court is concerned about proportionality when discovery seeks documents relating to depictions or references to genitalia, sexual activity, or gender identify because it is difficult to see how such documents would go to resolving the issues of Plaintiff's claims against Defendant CPUD.

At the hearing, CPUD's counsel argued that the firefighters at the District had a "fraternity" atmosphere and they had group text threads where they would discuss matters which are not appropriate in the workplace. According to CPUD, the text messages sought could reveal evidence undermining the objective offensiveness of the conduct Plaintiff now claims constituted harassment. Defense believes Plaintiff was a willing participant and wants to challenge his position that he was offended.

Plaintiff's counsel expressed concern with the way these requests are drafted because potentially responsive documents would include those from and or to people with whom Plaintiff may be romantically or intimately involved, not just his "immediate family." In this context, Plaintiff's counsel indicated that Plaintiff recently began a new romantic relationship and argued that the request violates Plaintiff's privacy rights as well as those of others.

At the hearing, Plaintiff's counsel cited Eastwood v. Dept. of Corrections, 846 F.2d 627, 631 (10th Cir. 1988), in support of Plaintiff's privacy objection. There, the Tenth Circuit considered whether a constitutional right to privacy was clearly established for purposes of qualified immunity. See id. The court held:

> While the Constitution does not explicitly establish a right of privacy, the Supreme Court has recognized for nearly 100 years that a right of personal privacy does exist. E.g., Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Union Pacific R.R. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891). In a series of cases, the Court established a zone of privacy protected by the penumbra of a variety of provisions in the Bill of Rights. [footnote omitted]. This penumbra protects two kinds of

privacy interests: the individual's interest in avoiding disclosure of personal matters and the interest in being independent when making certain kinds of personal decisions. *Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). The first interest protects the individual from governmental inquiry into matters in which it does not have a legitimate and proper interest. *Id.* "The right to be left alone," the Supreme Court has said, is "the right most valued by civilized men." *Olmstead v. United States,* 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (Brandeis, J., dissenting). Following this venerable precedent, this circuit has invoked the right of personal privacy against intrusion by the state on a number of occasions. In *Cumbey v. Meachum,* 684 F.2d 712 (10th Cir.1982), for example, we held that an inmate's constitutionally protected right of privacy might have been violated by female guards watching him undress. *See also Mangels v. Pena,* 789 F.2d 836 (10th Cir.1986) (Due Process Clause protects the individual's interest in avoiding disclosure of personal matters).

This constitutionally protected right is implicated when an individual is forced to disclose information regarding personal sexual matters. In *Thorne v. City of El Segundo,* 726 F.2d 459 (9th Cir.1983), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984), for example, plaintiff was asked about her sexual past by a polygraph examiner during an examination to become an officer on the city police force. The examiner asked plaintiff several questions about her recent miscarriage, including the identity of the father. After plaintiff revealed the father was a married officer on the city force, the examiner asked her if she had other relationships with department personnel. The court decried this questioning, holding that "the interests. . . [plaintiff] raises in the privacy of her sexual activities are within the zone protected by the constitution." *Id.* at 468. The police force might establish carefully tailored questions regarding an applicant's sexual past to protect against the adverse effects of sexual relations among officers, the court concluded, but it could not justify an "unbounded, standardless inquiry" into the plaintiff's personal life. *Id.* at 470. *See also United States v. Westinghouse Elec. Corp.,* 638 F.2d 570 (3d Cir.1980) (information regarding one's body and health is a matter which the individual is ordinarily entitled to keep private).

As in *Thorne,* plaintiff in the instant case was forced to answer a number of irrelevant and embarrassing questions. To justify this invasion of plaintiff's privacy, the defendants argue that these questions were designed to test the validity of her complaint. [footnote omitted]. A court certainly could find instead that the defendants sought to harass plaintiff into dismissing her complaint and quitting her job. The alleged subsequent behavior of defendants, including the publication of offensive drawings within the DOC facility, suggests such a motive. Furthermore, even if we were to believe that defendants sought this information to determine the validity of plaintiff's complaint, there exists little correlation between plaintiff's sexual history and whether she fabricated the story of being sexually molested. Indications of a victim's promiscuity are not probative of either credibility or consent to sexual advances. *E.g., Doe v. United States,* 666 F.2d 43, 48 (4th Cir.1981). Nor should such an inquiry be sanctioned in this case. We therefore uphold the district court's finding

/ / /

that Mr. Lovelace should not be protected by qualified immunity.

Eastwood, 846 F.2d at 630-31.

While this discussion is compelling, the Eastwood case is not entirely persuasive here. First, it's analysis relies on the "penumbra" theory from Roe v. Wade, which has recently been overturned by the Supreme Court. Further, the Eastwood case discusses constitutional privacy rights in the context of whether such a right is clearly established for purposes of determining qualified immunity not, as here, in the context of a discovery dispute. Finally, Eastwood relies on Thorne, a Ninth Circuit case which is distinguishable from the current action in terms of the substantive claims involved.

The Court will defer ruling on request for production nos. 5, 7, and 8 pending further briefing from the parties regarding the privacy interests being implicated.

No. 6

In this request, Defendant CPUD seeks the following:

> No. 6   Produce all DOCUMENTS which contain written communications including, but not limited to, letters, emails, text messages, internet instant message, notes, and memorandums, between YOU and any person other than an immediate family member from January 1, 2015, to May 31, 2020, which refer to or depict acts or words of a lewd, vulgar, or lascivious nature.

ECF No. 26, pg. 5.

Defendant CPUD's request for production no. 6 offers no clarity on the phrase "lewd, vulgar or lascivious", which terms are sufficiently subject to interpretation as to be vague and ambiguous. In addition, as Plaintiff argues, the phrase "any person" casts such a wide net as to potential senders/recipients as to be overbroad in the context of this inquiry. At the hearing, counsel for Defendant CPUD appropriately offered to clarify this request, specifically to limit the scope to exclude Plaintiff's romantic and/or intimate partners. While a good first step, the Court finds that further narrowing of this request is required before Plaintiff can adequately respond. Defendant CPUD's motion to compel further responses to request for production no. 6 will be granted subject to Defendant serving a more narrowly tailored version of this request following further meet and confer efforts to identify the nature and

8

scope of the communications at issue.

<u>Nos. 35, 36, 37, 38, 39, 40, and 43</u>

In these requests, Defendant CPUD seeks text messages between Plaintiff and Chadwick Walker (no. 35), Brian Hermo (no. 36), Brian Harris (no. 37), Dave Carr (no. 38), Johnny Cervantes (nos. 39 and 40, which appear duplicative), and Jeremy Beatley (no. 43). See ECF No. 26, pgs. 8-9. According to the parties, Plaintiff has produced approximately 500 pages of documents responsive to these requests, approximately 130 of which contained redactions of some sort. Plaintiff also produced a privilege log with his responses.

The Court will direct submission of the redacted responses, along with unredacted versions of those responses, for an in camera review, following which the Court will issue its rulings as to request for production nos. 35, 36, 37, 38, 39, 40, and 43.

**B.    Timeline**

At issue is request for production no. 34. CPUD requests that Plaintiff produce the timeline referenced in his deposition testimony at pages 90-96. See ECF No. 26, pg. 7. Plaintiff responded that the document was protected by the attorney-client privileged and refused to produce the timeline. See id. at 8. In the joint statement, the parties offer the following summary of the issue:

> Another issue that arose in this case involves a document Balbiani claims is a privileged attorney-client communication. During his deposition, Balbiani testified to refreshing his recollection of events to prepare for the deposition by reviewing a document he created called a "timeline." At the instruction of his attorney, he prepared this timeline by using notes he took contemporaneously to some of the events alleged in the Complaint. After creating the timeline, he destroyed the notes and sent the final document to his attorney. The CPUD then requested production of the timeline, and Balbiani asserted attorney-client privilege both at his deposition and thereafter.
>
> ECF No. 26, pg. 3.

///

///

CPUD cites Federal Rule of Evidence 612 in support of the proposition that a party is entitled to examine a document an adverse party uses to refresh their recollection. See

9

id. at 14-16.  According to CPUD:

> Federal Rule of Evidence 612 allows for inspection of a document by an adverse party as justice requires when a witness uses the document to refresh their memory before testifying. The Rule provides the Court with authority to make "any appropriate order" to ensure production of the document. Fed. R. Evid. 612(c). Disclosure under the rule can override attorney-client privilege. See *Derderian v. Polaroid Corp.*, 121 F.R.D. 13, 15 (D.Mass.1988). Where a document used to refresh a witness' memory before testifying is subject to a privilege, courts typically weigh the interests in "full disclosure and ascertainment of the truth" against "the interest in maintaining the confidentiality of protected material." *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 26 (N.D. Cal. 1985). "In the absence of a showing of harm…the countervailing interests in favor of disclosure and ascertainment of the truth must take precedence." *Id.* A policy in favor of allowing thorough cross examination of witnesses creates the "substantial need" required to overcome the protection of work product in F.R.Civ.P. 26(b)(3). *In re Comair Air Disaster Litig.*, 100 F.R.D. 350, 353 (E.D. Ky. 1983).
>
> In *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 78 (D. Mass. 2007), the court faced a similar issue to this case. A witness prepared a document containing their notes for use by their attorney. They later reviewed the notes to prepare for a deposition. The court said the interest in protecting attorney-client privilege was minimal because the notes did not contain any work product or other mental processes of the attorney. Instead, the notes contained the mental process of the witness. *Id*.
>
> Similarly, Balbiani took notes about events happening to him at work. He later compiled those notes into a timeline to provide to his attorneys for use in the litigation, and he destroyed the notes. At his deposition, he mentioned reviewing the timeline to refresh his memory prior to testifying. Despite the extra studying, Balbiani failed to recall many events during his deposition. The timeline would provide his best recollection because he drafted it closer in time following important events in this case.
>
> The interest in protecting attorney-client privilege is minimal because a timeline of events created by Balbiani does not reveal any mental impressions by his counsel. The document at issue is more akin to a journal than a communication between a party and their attorney to discuss litigation strategy. It is also unclear he even had legal representation at the time he wrote the notes on which he based the final timeline document. The strong public interest in favor of ascertaining truth dwarfs the minimal privilege interest at stake here. Therefore, the Court should overrule Balbiani's privilege objection and order production of his timeline document.

ECF No. 26, pgs. 13-15.

Plaintiff responds:

> Under FRCP 26(b)(1), parties may only obtain discovery regarding any **nonprivileged matter** that is relevant to any party's claim. However, privileged matter, such as that protected by attorney-client privilege is not discoverable. Furthermore, FRCP 26(b)(3)(A) states, "A party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent." Further, the materials may be discovered if they are (i) discovered under

10

Rule 26(b)(1) and (ii) that party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FRCP 26(b)(3)(A).

Plaintiff at the instruction of his attorney began keeping a personal timeline/notes regarding events that had occurred and were occurring in his case. Plaintiff then proceeded to present his timeline/notes to his counsel. Prior to his deposition, Plaintiff reviewed the timeline/notes. Here, Plaintiff's timeline/notes are protected by both the attorney-client privilege and FRCP 26(b)(3). Plaintiff only created the timeline/notes for purposes of communicating facts to counsel and to in return enabling counsel to provide him with legal advice. Furthermore, Plaintiff (a party in this litigation) prepared the timeline/notes in anticipation of litigation. FRCP 26(b)(3).

A party who used the materials to refresh his or her recollection **may be** required to produce the materials pursuant to FRCP 612. However, when the deponent does not use the documents "while testifying" but rather reviews them "before testifying," FRCP 612 provides that "an adverse party is entitled to have the writing produced …" only if "the court in its discretions determine it is necessary in the interests of justice." *Derderian v. Polaroid Corp.*, 121 F.R.D. 13, 15 (D.Mass.1988). Thus, this gives the courts discretion in the interest of justice to determine if disclosure of the document is necessary.

The matter at hand is almost indistinguishable from the facts of *Derderian v. Polaroid Corp.* The Plaintiff in *Derderian*, asserted sex discrimination claims against her employer. After the events had occurred, Plaintiff began keeping personal notes regarding past and occurring events. Plaintiff gave those notes to her attorney and reviewed them prior to her deposition. Defendant Polaroid, replying on FRCP 612 sought to compel the notes and Plaintiff objected arguing the materials were protected by attorney-client privilege and FRCP 26(b)(3).

Similarly, to Defendant Polaroid, Defendant CPUD erroneously relies on FRCP 612 to conclude that because Plaintiff used the timeline to refresh his memory FRCP 612 automatically applies. This is not the case. The court in *Derderian* explains the clear Congressional intent behind allowing courts to have discretion in determining if a disclosure of a document is necessary in the interest of justice.

\* \* \*

Here, Defendant has not demonstrated that the disclosure of Plaintiff's timeline/notes is necessary in the "interest of justice." Defendant only mentions that the timeline disclosure is necessary because Plaintiff failed to recall events during his deposition, alluding that the disclosure is necessary to examine Plaintiff's memory. The court in *Derderian* found a similar argument of memory and time to be unpersuasive, "A time lapse of eighteen months from the first events about which the notes were taken is simply not that long a period of time, especially when all the parties were aware of the events which form the basis of this dispute." Id. With such strong legal precedent, the court should not allow the disclosure of Plaintiff's timeline/notes.

ECF No. 26, pgs. 21-23.

Plaintiff was questioned about the timeline at his February 9, 2022, deposition.

See ECF No. 26-1, pgs. 54-58 (excerpts of deposition transcript attached as Exhibit G to Crowe declaration). During the relevant exchange, Plaintiff stated that he had created a timeline of events for his attorney sometime in May or June 2020. See id. at 54. Plaintiff did not refer to the timeline while testifying. Rather, he prepared the timeline prior to his deposition for purposes of clarifying and recording past events and gave it to his attorney.

Rule 612 provides guidance in terms of when "past recollection refreshed" material, such as the timeline at issue here, is discoverable. Rule 612(a) – describing the scope of the rule – states that certain options are available to the "adverse party" when a witness "uses a writing to refresh memory" while testifying or before testifying. Rule 612(b) outlines the adverse party's options. The rule provides:

> . . .[A]n adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

Here, Plaintiff prepared and referred to the timeline before testifying at his deposition, not while testifying. The amendment to Rule 612 reflects Congress' intent to treat the two situations differently. See Derderian v. Polaroid Corp., 121 F.R.D. 13 (D. Mass. 1988). Whether to order production of materials referred to before testifying is within the Court's discretion after balancing the need for the material against the author's need to protect confidential information. See id.; see also United States v. 22.80 Acres of Land, 107 F.R.D. 20, 26 (N.D. Cal. 1985). The material should be disclosed absent a showing of harm to the author if it is produced. See id. Similarly, under Federal Rule of Civil Procedure 26(b)(3)(A)(i), materials prepared in anticipation of trial, as Plaintiff claims the timeline in this case was, may be discoverable if the requesting party shows a substantial need.

As CPUD notes, the timeline at issue contains Plaintiff's notes and thoughts, not those of his counsel. In this regard, defense counsel noted at the hearing that Plaintiff testified that he prepared the timeline before he even retained an attorney. The Court thus agrees with Defendant CPUD that the timeline is not protected by the attorney-client privilege. The Court

also agrees with Defendant that it has shown a need for the document under Rule 26(b)(3)(A)(i) given Plaintiff's reference to it at his deposition, which Defendant was not able to cross-examine on instruction from Plaintiff's counsel. The Court will order the timeline produced and grant Defendant CPUD's motion as to request for production no. 34.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant CPUD's motion to compel, ECF No. 23, is granted in part and denied in part as follows:

    a. Denied as to request for production nos. 2, 3, and 4.

    b. Granted as to request for production no. 6, subject to Defendant CPUD serving on Plaintiff a re-drafted request and Plaintiff's further response thereto, which is due within 30 days of service of a re-drafted request.

    c. Granted as to request for production no. 34 with Plaintiff ordered to produce the timeline within 30 days of the date of this order.

2. The Court defers ruling on request for production nos. 5, 7, and 8 pending further briefing:

    a. Plaintiff's supplemental brief is due by August 31, 2022.

    b. Defendant CPUD's supplemental brief is due by September 9, 2022.

3. The Court defers ruling on request for production nos. 35, 36, 37, 38, 39, 40, and 43 pending submission of unredacted documents for in camera review, such submission due by September 29, 2022, in paper format.

4. The Court sua sponte suspends the discovery cut-off deadline for this case pending final resolution of those matters deferred herein.

Dated:  August 22, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE